MOORE, Chief Justice
(dissenting).
I respectfully dissent. The United States Supreme Court has, in my opinion and in the opinion of some Justices on the United States Supreme Court, wrongly bl- *414 terpreted the Federal Arbitration Act (“the FAA”) as preempting § 8-1-41, Ala. Code 1975, which prohibits the specific enforcement of arbitration agreements. Southland Corp. v. Keating, 465 U.S. 1, 15-16, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). However, even under the preemption doctrine announced in Southland, the FAA does not apply to a contract that is subject to revocation on grounds existing at law or equity.
To be enforceable under the FAA, a clause mandating arbitration “must be part of ... a contract ‘evidencing a transaction involving commerce’ and such clauses may be revoked upon ‘grounds as exist at law or in equity for the revocation of any contract.’ ” Southland, 465 U.S. at 11 (footnote omitted). In the trial court, Bama Exterminating Company, Inc. (“Bama”), alleged in its motion to compel arbitration that its supplies come from Tennessee and Washington state; that its vehicles were manufactured out of state; that its contract with a cellular-telephone service originated out of state; that its banking activities are interstate; and that its products for termite control and home repair cross state lines. These claims apparently sought to overcome the limitation in the FAA to cases involving interstate commerce. Nevertheless, Anthony O’Neal and his wife, Jana O’Neal, the plaintiffs below, have alleged grounds at law and equity for the revocation of the contract: duress and fraud. Under Southland, which held that even a contract contemplating interstate commerce is subject to revocation on grounds existing at law or equity, Southland, 465 U.S. at 11,1 believe the State trial court, on the basis of State law, ought to determine whether the contract was valid at law or equity.
The United States Supreme Court, however, recently held that when parties challenge as invalid, revocable, or unenforceable on the grounds of law or equity a contract containing an arbitration clause, the arbitrator, not a state or federal court, must make that determination. Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 446-49, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006); Preston v. Ferrer, 552 U.S. 346, 359, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008) (“When parties agree to arbitrate all questions arising under a contract, the FAA supersedes state laws lodging primary jurisdiction in another forum, whether judicial or administrative.”). Buckeye and Preston rely on Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), which held that the question of “severability” is not one of state law and, therefore, a state court may not invalidate an arbitration clause on the basis that the whole contract is invalid. I respectfully disagree. If a contract is invalid for reasons of fraud or duress, then the provisions within it, including the arbitration clause, are no longer valid. By forcing a contract challenge at law or equity to go before an arbitrator rather than the state court, the United States Supreme Court has invented law never contemplated by the FAA. The United States Supreme Court has no constitutional authority to exercise legislative powers by creating laws and regulating commerce. Nor does it have a right to hold, against our state constitution, that our courts may not be open to litigants who have suffered an injury. Art. I, § 13, Ala. Const.1901. The O’Neals challenge the entire contract, including the arbitration clause. The arbitration clause and the contract as a whole are so inextricably tied in this case that a challenge to one is a challenge to the other, and the State court should determine the merits of the fraud and duress claims before the case may be sent to the arbitrator.
*415 I agree with Justice Clarence Thomas, who has stood up to the broad exercise of federal power under the FAA by refusing to hold that the FAA applies to state courts. Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 285-97, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995) (Thomas, J., dissenting); Doctor’s Assocs., Inc. v. Casarotto, 517 U.S. 681, 689, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996) (Thomas, J., dissenting); Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 460, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003) (Thomas, J., dissenting); Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 449, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) (Thomas, J., dissenting); and Preston v. Ferrer, 552 U.S. 346, 363, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008) (Thomas, J., dissenting). Even if the FAA were deemed to preempt § 8-1-41, however, the trial court, before ordering arbitration, ought to determine whether a valid defense at law or in equity exists with regard to revocation of this contract. Only if the trial court found there to be no valid defense would the case then go to an arbitrator.